MARC J. SHRAKE (Bar No. 219331)
 mjs@amclaw.com
ALBERT K. ALIKIN (Bar No. 265119)
 aka@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080
FACSIMILE: (213) 622-7594

Attorneys for Defendant HOMELAND
INSURANCE COMPANY OF NEW YORK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC DENTAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HOMELAND INSURANCE COMPANY OF NEW YORK, and DOES 1 through 25,<br><br>Defendants. | Case No. SACV13-749-JST (JPRx)<br><br>ANSWER AND COUNTERCLAIM OF DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK TO PLAINTIFF'S COMPLAINT |

Defendant Homeland Insurance Company of New York ("Homeland"), in answer to the Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Declaratory Relief ("Complaint") filed by Plaintiff Pacific Dental Services, LLC ("Pacific Dental LLC"), generally denies each and every allegation in the Complaint that is not specifically admitted, qualified, or answered below. By way of further response, Homeland answers as follows:

1. Homeland admits that Pacific Dental LLC is a Delaware limited liability company with its principal place of business in Irvine, California, but lacks sufficient knowledge or information to form a belief as to the truth of the rest of the allegations in Paragraph 1 of the Complaint and therefore denies them. Homeland

further specifically denies that Pacific Dental LLC has the capacity, authority, or legal existence necessary to sue Homeland with respect to any of the allegations in the Complaint because Pacific Dental LLC is not insured under the policy at issue and is not a defendant in the underlying action at issue.

2. Homeland denies the allegations in Paragraph 2 of the Complaint.

3. Homeland denies the allegations in Paragraph 3 of the Complaint.

4. Homeland denies the allegations in Paragraph 4 of the Complaint.

5. Homeland denies the allegations in Paragraph 5 of the Complaint.

6. Homeland admits the allegations in Paragraph 6 of the Complaint.

7. Homeland admits that it issued Policy No. MCP-5427-12 ("Policy") and that the Policy speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 7 of the Complaint.

8. Homeland admits that it issued the Policy and that the Policy speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 8 of the Complaint.

9. Homeland admits on information and belief that a complaint in a lawsuit titled <u>Kim Hall v. Pacific Dental Services, Inc., et. al.</u>, was filed on or about April 25, 2012, in San Joaquin County Superior Court ("Underlying Action") and that the complaint speaks for itself. Homeland denies the rest of the allegations in Paragraph 9 of the Complaint.

10. Homeland admits on information and belief that a complaint in the Underlying Action was filed on or about April 25, 2012, and that the complaint speaks for itself. Homeland denies the rest of the allegations in Paragraph 10 of the Complaint.

11. Homeland denies the allegations in Paragraph 11 of the Complaint.

12. Homeland admits that Pacific Dental LLC purports to refer to a

May 10, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 12 of the Complaint.

13. Homeland admits that Pacific Dental LLC purports to refer to a May 11, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 13 of the Complaint.

14. Homeland admits that Pacific Dental LLC purports to refer to a July 12, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 14 of the Complaint.

15. Homeland admits that Pacific Dental LLC purports to refer to a July 27, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 15 of the Complaint.

16. Homeland admits that Pacific Dental LLC purports to refer to an August 2, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 16 of the Complaint.

17. Homeland admits that Pacific Dental LLC purports to refer to an August 20, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 17 of the Complaint.

18. Homeland admits that Pacific Dental LLC purports to refer to a September 4, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 18 of the Complaint.

19. Homeland admits that Pacific Dental LLC purports to refer to an

October 1, 2012, communication and that the communication speaks for itself. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 19 of the Complaint.

20. Homeland admits that Pacific Dental LLC purports to refer to January 22, 2013, and February 5, 2013, communications and that the communications speak for themselves. Homeland denies the allegations to the extent they are inconsistent with the Policy, and otherwise denies the rest of the allegations in Paragraph 20 of the Complaint.

## FIRST CAUSE OF ACTION

21. Homeland repeats its responses to the allegations contained in Paragraphs 1 through 20 as though fully set forth here.

22. Homeland denies the allegations in Paragraph 22 of the Complaint.

23. Homeland denies the allegations in Paragraph 23 of the Complaint.

24. Homeland denies the allegations in Paragraph 24 of the Complaint.

25. Homeland denies the allegations in Paragraph 25 of the Complaint.

26. Homeland denies the allegations in Paragraph 26 of the Complaint.

27. Homeland denies the allegations in Paragraph 27 of the Complaint.

28. Homeland denies the allegations in Paragraph 28 of the Complaint.

## SECOND CAUSE OF ACTION

29. Homeland repeats its responses to the allegations contained in Paragraphs 1 through 28 as though fully set forth here.

30. The allegation in Paragraph 30 is a purported statement of law and not an allegation of fact. To the extent a response is required, Homeland denies the allegations in Paragraph 30.

31. Homeland denies the allegations in Paragraph 31 of the Complaint.

32. Homeland denies the allegations in Paragraph 32 of the Complaint.

33. Homeland denies the allegations in Paragraph 33 of the Complaint.

34. Homeland denies the allegations in Paragraph 34 of the Complaint.

35. Homeland denies the allegations in Paragraph 35 of the Complaint.

36. Homeland denies the allegations in Paragraph 36 of the Complaint.

### THIRD CAUSE OF ACTION

37. Homeland repeats its responses to the allegations contained in Paragraphs 1 through 36 as though fully set forth here.

38. Homeland admits that there is no coverage under the Policy for the Underlying Action, including without limitation by operation of Endorsement No. 9. Homeland otherwise denies the allegations in Paragraph 38 of the Complaint.

39. Homeland denies the allegations in Paragraph 39 of the Complaint.

40. Homeland denies the allegations in Paragraph 40 of the Complaint.

### PRAYER FOR RELIEF

41. Homeland denies the allegations and claims in the Paragraphs of the Complaint's Prayer for Relief, denies that Pacific Dental LLC is entitled to any such relief, and denies that Homeland has done anything wrong.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Pacific Dental LLC is barred, in whole or in part, from recovery by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Pacific Dental LLC is barred, in whole or in part, from recovery by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Pacific Dental LLC is barred, in whole or in part, from recovery because it has failed to satisfy the conditions precedent and subsequent required under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

5. Pacific Dental LLC is barred, in whole or in part, from recovery because it has breached the Policy.

## SIXTH AFFIRMATIVE DEFENSE

6. Pacific Dental LLC is barred, in whole or in part, from recovery because the claims fall outside of the coverage terms of the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

7. Pacific Dental LLC is barred, in whole or in part, from recovery because the claims fall within the exclusions of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

8. Pacific Dental LLC is barred, in whole or in part, from recovery under its cause of action for breach of the duty of good faith and fair dealing because Homeland reasonably and properly investigated the claim in good faith and without malice, and its positions on coverage were and are reasonable.

## NINTH AFFIRMATIVE DEFENSE

9. Pacific Dental LLC is barred, in whole or in part, from recovery because of its own failure, and the failure of its agents, attorneys, and representatives, to mitigate its claim or loss, if any.

## TENTH AFFIRMATIVE DEFENSE

10. Pacific Dental LLC is barred, in whole or in part, from recovery to the extent that the application and/or materials submitted to and/or reviewed by Homeland in connection with the underwriting or issuance of the Policy or any predecessor thereto, or negotiations for the Policy or any predecessor thereto, included materially false, inaccurate, incomplete, or otherwise misleading statements, representations, or omissions. Homeland would be entitled to a declaration that the Policy is void *ab initio* or that coverage does not otherwise exist.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Pacific Dental LLC is barred, in whole or in part, from recovery

because it has not sustained any damages proximately caused by any alleged omission or breach of any duty by Homeland.

## TWELFTH AFFIRMATIVE DEFENSE

12. Pacific Dental LLC is barred, in whole or in part, from recovery because of Insurance Code Section 533.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Pacific Dental LLC is barred, in whole or in part, from recovery because coverage is barred, limited, and/or offset under the Policy's "Other Insurance" provisions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Pacific Dental LLC is barred, in whole or in part, from recovery to the extent the limits of liability have been exhausted or impaired by payment of other unrelated claims under the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Pacific Dental LLC is barred, in whole or in part, from recovery because it lacks the standing, capacity, authority, or legal existence necessary to sue Homeland under the Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Pacific Dental LLC is barred, in whole or in part, from recovery because it lacks contractual privity in connection with the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Pacific Dental LLC is barred, in whole or in part, from recovery because it is not an insured under the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Pacific Dental LLC is barred, in whole or in part, from recovery because it is not a party to the contract of insurance in connection with the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Pacific Dental LLC is barred, in whole or in part, from recovery

because it is not sued or named as a defendant in the Underlying Action.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Pacific Dental LLC is barred, in whole or in part, from recovery because loss, injury, or damage alleged in the Complaint was directly or proximately caused and/or contributed to by the actions of persons other than Homeland, and therefore a recovery against Homeland, if any, should be reduced or offset in proportion to the percentage of responsibility attributable to such persons other than Homeland.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Homeland may have additional defenses that it cannot adequately set forth due to the failure of Pacific Dental LLC to make allegations in its Complaint with sufficient particularity and to provide more specific information. Homeland therefore reserves the right to plead such other relief and affirmative defenses upon obtaining further information as may become apparent by reason of discovery herein or otherwise.

**WHEREFORE**, Defendant Homeland prays for judgment as follows:

1. That Pacific Dental LLC take nothing by its claims and that the Complaint be dismissed with prejudice;
2. For costs of suit;
3. For reasonable attorney's fees to which Homeland may be entitled; and,
4. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaim Plaintiff Homeland Insurance Company of New York ("Homeland") hereby complains and alleges as follows:

## JURISDICTION

1. The Court has original jurisdiction under 28 U.S.C. § 1332 because this civil action is between citizens of different states and the amount in controversy

exceeds $75,000.

2.  Homeland is a corporation and is incorporated in the state of New York. Homeland's headquarters, nerve-center, and principal place of business are in the state of Minnesota. Therefore, Homeland is a citizen of the states of New York and Minnesota.

3.  Plaintiff and Counterclaim Defendant Pacific Dental Services, LLC ("Pacific Dental LLC") is a limited liability company organized under Delaware law. Pacific Dental LLC has two members, Robert Rutner and William Kuncz. Robert Rutner is a natural person domiciled in the state of Nevada. William Kuncz is a natural person domiciled in the state of California. Therefore, Pacific Dental LLC is a citizen of the states of Nevada and California.

4.  Complete diversity exists because on one side Pacific Dental LLC is a citizen of the states of California and Nevada, and on the other side Homeland is a citizen of the states of New York and Minnesota. No other parties are named in the Complaint.

5.  Pacific Dental LLC seeks a money judgment for its "Defense Expenses incurred in defending against" an underlying action and "indemnity in the event of a settlement or judgment." The insurance policy at issue, Policy No. MCP-5427-12 ("Policy"), contains a $2,000,000 limit of liability that is inclusive of Defense Expenses. The underlying class action filed against Pacific Dental Services, Inc. titled <u>Kim Hall v. Pacific Dental Services, Inc., et. al.</u>, Case No. 39-2012-00280023, Orange County Superior Court ("Underlying Action"), alleges that "there are at least 10,000 members in the proposed Class" and that a "minimum amount of the nominal damages of $1,000 per violation" is demanded. Thus, the Underlying Action alleges a minimum of $10,000,000 in damages of which Pacific Dental LLC is demanding defense and indemnity coverage under the Policy that has a limit of liability of $2,000,000. Accordingly, the amount in controversy exceeds $75,000.

6.  The Court may enter the declaratory judgment sought by Homeland

1 under the Declaratory Judgment Act, 28 U.S.C. § 2201, because this case presents an actual controversy within the Court's jurisdiction.

## VENUE

7. Venue is proper in the Central District of California, Southern Division, under 28 U.S.C. § 1441(a) because the United States district and division embracing the Superior Court where this action was pending is the Central District of California, Southern Division.

## THE PARTIES

8. Counterclaim Plaintiff Homeland is a corporation and is incorporated in the state of New York. Homeland's principal place of business is in the state of Minnesota. Homeland is licensed and admitted to transact insurance business in California.

9. Counterclaim Defendant Pacific Dental LLC is a limited liability company organized under Delaware law. It has two members, Robert Rutner and William Kuncz. Robert Rutner is a natural person domiciled in the state of Nevada. William Kuncz is a natural person domiciled in the state of California.

10. Homeland does not know the true names and capacities of other counterclaim defendants sued as Roes 1 through 10 and therefore sue such defendants by fictitious names. On information and belief, Homeland alleges that each of Roes 1 through 10 claims an interest in the insurance benefits afforded under the Policy at issue, in each such defendant's capacity as an insured, third-party beneficiary, judgment creditor, co-insurer, excess insurer, or other capacity. Homeland will amend this Counterclaim to allege their true names and capacities when ascertained.

## GENERAL ALLEGATIONS

11. This dispute arises from allegations and damages claimed in the Underlying Action. The Underlying Action seeks damages for alleged violations of the Confidentiality of Medical Information Act. Pacific Dental Services, Inc. is the

only named defendant in the Underlying Action. Plaintiff and Counterclaim Defendant Pacific Dental LLC is not sued or named as a defendant in the Underlying Action.

12.   Plaintiff and Counterclaim Defendant Pacific Dental LLC is an insured under the Policy.

13.   No coverage for the Underlying Action exists under the Policy.

14.   Homeland seeks a judicial declaration of the respective rights and obligations of Homeland under the Policy issued by Homeland with respect to the Underlying Action.

## INSURANCE POLICY

15.   Homeland issued the Policy to Pacific Dental Services, Inc. for the policy period January 1, 2012, to January 1, 2013. Pacific Dental LLC is not an insured under the Policy.

The Policy's Insuring Agreement provides as follows:

### I.   INSURING AGREEMENT

The Underwriter will pay on behalf of the **Insured** any **Damages** which the **Insured** shall become legally obligated to pay and **Defense Expenses** as a result of any **Claim** first made against the **Insured** during the **Policy Period** and reported in writing to the Underwriter during the **Policy Period** for a **Wrongful Act** first committed on or after the Retroactive Date stated in ITEM 7 of the Declarations. As part of and subject to the applicable Limits of Liability, the Underwriter shall have the right and duty to defend any such **Claim**, even if the **Claim** is groundless.

The Policy's definition of **Claim** is:

"**Claim**" means any civil action, suit, proceeding, arbitration, mediation, or demand by any person or entity seeking to hold the **Insured** responsible for monetary damages as a result of a **Wrongful Act** actually or allegedly committed by the **Insured** or by any other person for whose **Wrongful Acts** the **Insured** is legally responsible.

The Policy's definition of **Damages** is:

"**Damages**" means judgment or settlements negotiated with the approval of the Underwriter; however, **Damages** shall not include:

(1) fines, taxes, or penalties;

(2) fees, revenues, or sums due to the **Insured**;

(3) any amounts payable in connection with any portion of a **Claim** for injunctive or equitable relief;

(4) punitive or exemplary damages or the multiplied portion of any multiplied damage award; except where permitted by law **Damages** shall include, in an amount not exceeding the sum of $25,000, the multiplied portion of a multiplied damages award or an award of punitive or exemplary damages, which sum shall be part of and not in addition to the applicable Limits of Liability;

(5) salaries, overhead or benefit expenses of other fees and charges of the Insured; or

(6) any fees, amounts, benefits, coverage or damages, including but not limited to liquidated damages, owed under any contract.

The Policy's definition of **Defense Expenses** is:

"**Defense Expenses**" means reasonable expenses and legal fees incurred with the approval of the Underwriter in the investigation, adjustment, defense, or appeal of a **Claim** against the **Insured**; however, **Defense Expenses** shall not include salaries, overhead or benefit expenses, or other fees and charges of the **Insured**.

The Policy's definition of **Insured** is:

"**Insured**" means the person or entity stated in ITEM 1 [Pacific Dental Services, Inc.] of the Declarations and any natural person who was, is, or shall become a director, an officer, an employee or a partner thereof, but only while such person was, is, or shall be acting within the scope of his or her duties as such.

The Policy's definition of **Wrongful Act** is:

"**Wrongful Act**" means any actual or alleged act, error or omission committed solely in the performance of, or failure to perform, **Professional Services**.

The Policy's definition of **Professional Services** is:

"**Professional Services**" means only those services performed for others for a fee which are listed in ITEM 6 of the Declarations; provided, however, **Professional Services** shall not include **Medical Services** or **Legal Services**.

The Policy's Declarations, ITEM 6, provides the following:

ITEM 6.    **PROFESSIONAL SERVICES:** Solely in the performance of the following services provided through business support service agreements to the clients for a fee:

- Advertising, marketing or selling dental services
- Billing, coding, reimbursement, repricing consulting
- Billing/submitting dental claims
- Credentialing or peer reviews of providers
- Dental chart management
- Human resource policy and procedure consulting
- Information or computer systems selection consulting and software training
- Payroll administration
- Quality assurance or clinical improvement consulting
- Regulatory or compliance consulting
- Strategic planning or change management consulting
- Utilization review
- Vendor consulting

The Policy's **Other Insurance** provision provides as follows:

> This policy shall be specifically excess over, and shall not contribute with, any other valid insurance (whether collectible or not), whether such other insurance is stated to be primary, contributing, excess (except insurance specifically in excess of this Policy), contingent, or otherwise.

16.   Endorsement No. 9 of the Policy contains, *inter alia*, provisions that provide, in pertinent part, as follows:

> EDP/COMPUTER SERVICES EXCLUSION ENDORSEMENT
>
> \*        \*        \*
>
> In consideration of the premium charged, no coverage will be available for Claims based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
>
> \*        \*        \*
>
> (d)    the analysis, design, development, programming or any other aspect of providing electronic data processing, computer time-sharing or computer back-up services or facilities to third parties, including rendering of advice, training or opinions to third parties with respect to electronic data processing, computer time-sharing or computer back-up services or facilities or any aspect thereof;
>
> \*        \*        \*
>
> (f)    any unauthorized access to, or use, sale or other

disposition of information contained in, any electronic data processing system owned by, or operated by or on behalf of, the Insured.

* * *

## UNDERLYING ACTION

17. Paragraph 1 of the complaint in the Underlying Action, in pertinent part, alleges the following:

> This privacy protection action is brought to remedy violations by Defendants of state law that protect patient medical information in connection with their course of conduct . . . which services include receiving, creating, maintaining, preserving and/or storing patient medical information.

18. Paragraph 4 of the complaint in the Underlying Action, in pertinent part, alleges the following:

> Defendants continue to engage in certain wrongful conduct . . . which includes . . . making dental patient . . . confidential medical information . . . available for viewing by individuals who are not legally authorized to view the confidential information, by entering such information into defendants' databases and publishing, releasing and disclosing that information to all offices at which PDS provides dental and/or management services . . . .

19. Paragraph 29 of the complaint in the Underlying Action, in pertinent part, alleges the following:

> The aforesaid conduct of negligently sharing, releasing, disclosing, providing and publishing medical information without patient consent . . . constitutes unlawful conduct in violation of the CMIA . . . .

20. Paragraph 3 of the complaint in the Underlying Action, in pertinent part, alleges the following:

> Immediately upon acquiring Plaintiff's medical information . . . pursuant to its aforesaid uniform practice, negligently released, disclosed, provided and published the medical information of all those patients, including plaintiff, to individuals not authorized to receive it by making the medical information immediately available for viewing system-wide . . . on the PDS created and/or maintained electronic database also known as its intranet site, all without patient knowledge or consent . . . PDS negligently gave access to this confidential medical information of Plaintiff and

ANSWER AND COUNTERCLAIM OF DEFENDANT HOMELAND TO PLAINTIFF'S COMPLAINT

other dental patients, all members of the Plaintiff Class, via said electronic network . . . .

21. Paragraph 31 of the complaint in the Underlying Action, in pertinent part, alleges the following:

> In so doing, PDS negligently made unauthorized disclosures of the medical information of Plaintiff and the other patient members of the Plaintiff Class to unauthorized recipients in violation of California Civil Code section 56 . . . .

22. The Prayer For Relief section of the complaint in the Underlying Action alleges the following:

> 1. For certification of this action as a plaintiff class action as set forth herein above;
>
> 2. For an award of monetary damages in the minimum amount of the nominal damages of $1,000.00 per violation recoverable under the CMIA, pursuant to Civil Code section 56.36(b)(1), and/or other compensatory damages, including any economic damages, recoverable under the CMIA or as otherwise allowed by law, in an amount according to proof at trial;
>
> 3. For preliminary and permanent injunctive relief prohibiting defendants from engaging in wrongful practices alleged in this complaint.
>
> 4. For an award of costs and attorney's fees as permitted by law;
>
> 5. For such other and further relief as the court deems just and proper.

## FIRST CAUSE OF ACTION

**(Declaratory Relief under 28 U.S.C. § 2201 as to Duties to Defend and Indemnify)**

23. The allegations in Paragraphs 1 through 22 are incorporated by reference as though fully set forth here.

24. An actual controversy exists between Homeland and Pacific Dental LLC concerning whether a duty to defend or indemnify exists under the Policy for the Underlying Action.

ANSWER AND COUNTERCLAIM OF DEFENDANT HOMELAND TO PLAINTIFF'S COMPLAINT

25. Homeland has no duty to defend or indemnify Pacific Dental LLC because Pacific Dental LLC is not an insured under the Policy

26. Homeland has no duty to defend or indemnify Pacific Dental LLC because Pacific Dental LLC is not sued and is not a defendant in the Underlying Action.

27. No coverage for the Underlying Action exists under the Policy because, without limitation, the claims fall outside the scope of the Policy's insuring agreement.

28. No coverage for the Underlying Action exists under the Policy because, without limitation, the relief sought in the Underlying Action constitutes noncovered penalties and fines.

29. No coverage for the Underlying Action exists under the Policy because, without limitation, the request for injunctive relief in the Underlying Action falls outside the Policy's definition of damages.

30. No coverage for the Underlying Action exists under the Policy because, without limitation, the relief sought in the Underlying Action falls outside the Policy's definition of damages.

31. Coverage for the Underlying Action under the Policy is barred by Endorsement No. 9, including without limitation subsections (d) and (f).

32. No coverage for the Underlying Action exists under the Policy because of other terms, conditions, limitations, and exclusions contained in the Policy.

33. Homeland is entitled to a judicial determination and declaration under 28 U.S.C. § 2201 as follows:

    (a) that Pacific Dental LLC is not an insured under the Policy;

    (b) that Pacific Dental LLC is not a defendant in the Underlying Action;

    (c) that Homeland has no obligation, contractual or otherwise, to defend or indemnify Pacific Dental LLC in the Underlying

ANSWER AND COUNTERCLAIM OF DEFENDANT HOMELAND TO PLAINTIFF'S COMPLAINT

Action;

(d) that no coverage for the Underlying Action exists under the Policy because the allegations and claims in the Underlying Action fall outside the terms and conditions of the Policy, including without limitation the Insuring Agreement; and,

(e) that no coverage for Underlying Action exists under the Policy because of the terms, conditions, limitations, and exclusions of the Policy, including without limitation the exclusions set forth in Endorsement No. 9.

## PRAYER

**WHEREFORE,** Counterclaim Plaintiff Homeland prays for judgment as follows:

1. For a judicial determination and declaration under 28 U.S.C. § 2201 as follows:

   (a) that Pacific Dental LLC is not an insured under the Policy;

   (b) that Pacific Dental LLC is not an a defendant in the Underlying Action;

   (c) that Homeland has no obligation, contractual or otherwise, to defend or indemnify Pacific Dental LLC in the Underlying Action;

   (d) that no coverage for the Underlying Action exists under the Policy because the allegations and claims in the Underlying Action fall outside the terms and conditions of the Policy, including without limitation the Insuring Agreement; and,

   (e) that no coverage for Underlying Action exists under the Policy because of the terms, conditions, limitations, and exclusions of the Policy, including without limitation the exclusions set forth in Endorsement No. 9.

2. For costs of suit;

3. For attorney's fees; and,

4. For all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Homeland hereby demands a jury trial on any issues that may be triable to a jury.

DATED: May 23, 2013

ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Marc J. Shrake

Marc J. Shrake
Albert K. Alikin
Attorneys for Defendant and Counterclaim Plaintiff HOMELAND INSURANCE COMPANY OF NEW YORK

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 444 South Flower Street, Thirty-First Floor, Los Angeles, California 90071-2901.

On **May 23, 2013**, I served the document described as **ANSWER AND COUNTERCLAIM OF DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Ronald S. Hodges Esq.                                  Attorneys for Plaintiff
J. Ronald Ignatuk, Esq.
Samuel J. Romero Esq.
Shulman Hodges & Bastian LLP
8105 Irvine Center Drive, Suite 600
Irvine, CA  92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on **May 23, 2013**, at Los Angeles, California.

_____
LISA GREENE