O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Dental Services, LLC<br><br>Plaintiff,<br><br>vs.<br><br>Homeland Insurance Co. of New York<br><br>Defendant. | CASE NO. SACV 13-749-JST (JPRx)<br><br>**DENYING PLAINTIFF'S MOTION TO STRIKE  (Doc. 19)** |

Before the Court is Plaintiff Pacific Dental Services, LLC's Motion to Strike Affirmative Defenses in Defendant's Answer. (Mot., Doc. 19-1.) Defendant Homeland Insurance Co. filed an opposition, and Plaintiff replied. (Opp'n, Doc. 21; Reply, Doc. 22.) The Court finds this matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for July 19, 2013, at 2:30 p.m. is VACATED. For the following reasons, the Court DENIES Plaintiff's Motion.

**I. Background**

Pacific Dental Services, LLC ("PDS") filed this action in Orange County Superior Court on April 11, 2013; PDS alleges that Defendant breached an insurance contract between the two parties by failing to defend and indemnify PDS in an underlying class action entitled *Kim Hall v. Pacific Dental Services, Inc.*, Case No. 39-2012-0028002 ("*Hall* Action"). (Shrake Decl. Ex. A ("Compl."), Doc. 4.) The *Hall* Action was filed in California Superior Court on April 25, 2012. (*Id.* ¶ 9.) The plaintiffs in the *Hall* Action alleged that PDS "violated the [Confidentiality of Medical Information Act] by allegedly authorizing all dental practitioners to whom it provides services access to its computer system, and that by so doing, PDS has authorized dental practitioners to access confidential information for patients that they do not treat." (*Id.* ¶ 10.) PDS allegedly provided notice to Homeland of the *Hall* Action on April 25, 2012, but Defendant denied the "claim" on May 10, 2012, because the *Hall* complaint had not been served on PDS. (*Id.* ¶¶ 11-12.) Defendant then reconsidered its position and changed its opinion regarding coverage on July 12, 2012. (*Id.* ¶ 14.) Defendant, however, once again changed its position on July 27, 2012, when it denied coverage and cited an endorsement to the policy—Endorsement No. 9.—that it claimed excluded coverage for the *Hall* Action. (*Id.* ¶ 15.)

When Defendant refused to reconsider its denial of coverage, PDS filed this action and asserted the following claims: (1) breach of contract; (2) breach of the covenant of

good faith and fair dealing; and (3) declaratory relief.  (Compl.)   Defendant removed the case on May 10, 2013, asserting diversity jurisdiction. Defendant then filed an Answer on May 24, 2013, asserting 21 affirmative defenses.  (Ans., Doc. 12.)  Plaintiff now moves to strike all 21 of Defendant's affirmative defenses.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  "[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).  This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375).  "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

"In considering a motion to strike, the Court views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (citations omitted).  Generally, a motion to strike will not be granted absent a "showing of prejudice to the moving party." *Smith v. Wal-Mart Stores,* No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sep. 20, 2006) (citation omitted).

Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed. R. Civ. P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). "To determine that a defense is insufficient as a matter of law, 'the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Mattox v. Watson*, No. CV 07-5006-RGK (RZx), 2007 WL 4200213, at *1 (C.D. Cal. Nov. 15, 2007) (citation omitted). "If a court strikes an affirmative defense, leave to amend should be freely granted, provided there is no prejudice to the moving party." *Kohler v. Bed Bath & Beyond, LLC,* No. CV 11-4451 RSWL (SPx), 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012) (citing *Wyshak,* 607 F.2d at 826).

Federal Rule of Civil Procedure 8(a)(2), which governs claims pleaded in a complaint, requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted Rule 8(a)(2) to require a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("'[D]etailed factual allegations' are not required," but "[Rule 8(a)(2)] does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 547). Plaintiff urges the Court to apply the "plausibility" standard articulated by the Supreme Court in *Iqbal/Twombly* to affirmative defenses. (Mot. at 5-6, Doc. 19-1.)

"The Ninth Circuit, however, has not required a heightened pleading standard for affirmative defenses." *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-00468-JST (Ex), 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011). As other courts have noted, there are textual differences between Rule 8(a), pertaining to the pleading of claims for relief, and Rule 8(c), pertaining to the pleading of affirmative defenses, that justify

4

different treatment; Rule 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief" while Rule 8(c) requires that a party "must affirmatively *state* any avoidance or affirmative defenses." Fed. R. Civ. Pro. 8; *Enough for Everyone Inc. v. Provo Craft and Novelty Inc.*, No. SA CV 11-1161 DOC (MLGx), 2012 WL 177576 (C.D. Cal. Jan. 20, 2012); *see Figueroa v. Marshalls of CA, LLC*, No. CV 11-06813-RGK (SPx), 2012 WL 1424400, at *1 (C.D. Cal. Apr. 23, 2012) (concluding that the plausibility requirement of *Twombly/Iqbal* should not apply to affirmative defenses because Rule 8(c) lacks the "showing" requirement of Rule 8(a)); *Garber v. Mohammadi*, No. CV 10-7144-DDP (RNB), 2011 WL 2076341, at *4 (C.D. Cal. Jan. 19, 2011) (same). Moreover, "[w]hereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fl. July 21, 2011). Accordingly, there is good reason to conclude that *Twombly/Iqbal* do not apply to affirmative defenses, and an affirmative defense is sufficiently pled if it gives plaintiff fair notice of the defense. *See Wyshak*, 607 F.2d at 827.

**III. Discussion**

PDS moves to strike all 21 of Defendant's affirmative defenses. (Mot.) The crux of PDS's argument is that Defendant has failed to plead facts that would give PDS fair notice of the basis for Defendant's defenses. (*Id*. at 2.) PDS argues that it is not asking this Court to reevaluate its holding in *Baroness* regarding *Twombly/Iqbal's* inapplicability to affirmative defenses; rather, PDS is asking the Court to "reassess whether boilerplate affirmative defenses which do not provide even a hint of their nature or ground satisfy the fair notice requirement mandated by the Ninth Circuit." (Reply at 5.) PDS also argues that several of Defendant's affirmative defenses should be stricken because they are not affirmative defenses but rather are attacks on the elements of PDS's claims. (Mot.)

1  Defendant has agreed to withdraw its first, fourth, and twenty-first affirmative defenses.
2  The Court will discuss the remaining affirmative defenses below.

### A.  Second and Third Affirmative Defenses

Defendant's second and third affirmative defenses are well-established defenses that provide Plaintiff with fair notice.  The second affirmative defense asserts that "Pacific Dental LLC is barred . . . from recovery by the doctrines of waiver and estoppel."  (Ans. at 5 ¶ 2.)  The third affirmative defense asserts that "Pacific Dental LLC is barred . . . from recovery by the doctrine of unclean hands."  (*Id.* ¶ 3.)

This Court has previously denied a motion to strike similar affirmative defenses in *Baroness*, after concluding that, while the defenses were boilerplate, they were standard affirmative defenses that were appropriate at the outset of a case. *Baroness*, 2011 WL 3438873, at *5.  Indeed, the second and third affirmative defenses in this case are nearly identical to the third, fifth, and sixth affirmative defenses asserted in *Baroness*.  (*Compare* Ans. at 5, *with Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11-468-JST (C.D. Cal. May 5, 2011), ECF No. 17 ("*Baroness* Ans.").)  Here, Defendant's pleading of these well-established defenses provides Plaintiff with fair notice of Defendant's defenses.  *Cf. Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *4-*5 (C.D. Cal. April 30, 2013) (denying motion to strike unclean hands, waiver, and estoppel defenses that were pleaded in conclusory terms because these defenses are "potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses."); *Devermont v. City of San Diego*, No. 12-CV-01823 BEN (KSC), 2012 WL 2898342 at *2 (S.D. Cal. June 14, 2013) ("For well-established defenses, merely naming them may be sufficient . . . ."); *Enough for Everyone, Inc.*, No. SA CV 11-1161 DOC (MLGx), 2012 WL 177576, at *3 (C.D. Cal. Jan. 20, 2012) ("While each affirmative defense is a standard defense set forth in the plainest of terms, the Court finds

this sufficient under Rules 8(b)(1) and 8(c), especially given the fact that this method of pleading affirmative defenses is set forth in the exemplar text of Rule 8(c).").

Moreover, Plaintiff has failed to show that it will suffer prejudice if these defenses are not stricken. *See Wal-Mart Stores,* 2006 WL 2711468, at *10. Particularly, as to Defendant's third affirmative defense of unclean hands, Defendant has provided facts to support this defense in its Opposition. (Opp'n at 13.) Defendant states that this defense is predicated on PDS's "alleged conduct in the Underlying Class Action that includes a breach of its obligation and duty to maintain confidential patient information." (*Id.*) Plaintiff argues that these additional facts render the defense legally insufficient because "[o]bviously PDS'[s] alleged conduct in the Underlying Class Action has not injured Homeland or affected the balance of equities between [the parties]" as required by caselaw. (Reply at 13.) The Court finds this argument inappropriate on a Motion to Strike, however, as Defendant's unclean hands defense has a possible bearing on the subject matter of the litigation. *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996). The Court is further not prepared to say that "under no set of circumstances could [this] defense succeed." *Mattox*, 2007 WL 4200213, at *1 (citation and internal quotation marks omitted). Plaintiff's Motion is therefore DENIED as to Defendant's second and third affirmative defenses.

### B. Fifth Affirmative Defense

Defendant's fifth affirmative defense asserts that "Pacific Dental LLC is barred, in whole or in part, from recovery because it has breached the Policy." (Ans. at 6 ¶ 5.) In its Opposition, Defendant argues that this affirmative defense is "based on the Policy's Cooperation provision, which requires PDS to provide all information, assistance, and cooperation needed" by Defendant ("Cooperation Provision").

Under Federal Rule of Civil Procedure 9(c), "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." PDS

7

argues that its performance under the cooperation clause of the Policy is a condition precedent to Defendant's performance and that, therefore, the breach of the policy must be pleaded with particularity under Rule 9(c). But federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under California law, "a condition precedent is either an act of a party that *must* be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises." *Platt Pac., Inc. v. Andelson*, 6 Cal. 4th 307, 313 (1993). The California Supreme Court has recognized that cooperation clauses can either be conditions precedent or conditions subsequent that must "be pleaded by the insurer in defense of liability." *O'Morrow v. Borad*, 27 Cal. 2d 794, 800 (1946); *Billington v. Interinsurance Exch. of Southern Cal.*, 71 Cal. 2d 728, 742 (1969) (en banc). Moreover, "[c]onditions precedent are disfavored and will not be read into a contract unless required by plain, unambiguous language." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 n.7 (9th Cir. 1990). Unlike other provisions in the contract that are affirmatively stated as conditions precedent (*see, e.g.*, Compl. Ex. 1 at 48* § IV.B. ("Notice"), Doc. 4),[1] the Cooperation Clause at issue here does not affirmatively state that it is a condition precedent. The Court will therefore not treat the Cooperation Provision as a condition precedent, and thus, Rule 9(c) does not apply.

Moreover, Plaintiff has again failed to show that it will suffer prejudice if this defense is not stricken. Though Defendant's pleading of its affirmative defense may have been conclusory, Defendant Opposition provides Plaintiff with the facts on which Defendant intends to rely to prove its affirmative defense. The defense is clearly relevant to the subject matter and there are facts under which this defense could succeed. *See Mattox*, 2007 WL 4200213, at *1 (citation and internal quotation marks omitted). Accordingly, Plaintiff's motion is DENIED as to Defendant's fifth affirmative defense.

---

[1] * Page reference is to the ECF page number.

### C. Sixth through Eighth Affirmative Defenses

Defendant's sixth through eighth affirmative defenses relate to whether there is coverage for the Underlying Action and whether Defendant breached its duty of good faith and fair dealing in denying coverage. The sixth affirmative defense asserts that "Pacific Dental LLC is barred . . . from recovery because the claims fall outside of the coverage terms of the Policy." (Ans. at 6 ¶ 6.) The seventh affirmative defense asserts that "Pacific Dental LLC is barred . . . from recovery because the claims fall within the exclusions of the Policy." (*Id.* ¶ 7.) Finally, the eighth affirmative defense asserts that PDS "is barred . . . from recovery under its cause of action for breach of the duty of good faith and fair dealing because [Defendant] reasonably and properly investigated the claim in good faith and without malice, and its positions on coverage were and are reasonable." (*Id.* ¶ 8.)

Plaintiff argues that all three of these defenses are insufficiently pleaded in that they fail to give Plaintiff fair notice of Defendant's defenses. The Court finds, however that these affirmative defenses provide Plaintiff with fair notice when read in conjunction with the factual allegations in Defendant's Answer and its incorporation of the documents attached to Plaintiff's Complaint. Defendant's Answer refers and responds to exhibits attached to Plaintiff's Complaint, including a May 10, 2012 letter sent by Defendant in which Defendant states that there is no coverage for the underlying action and provides its reasoning. Indeed, Plaintiff's Complaint specifically alleges the reason why Defendant denied coverage in the first place—it believed that the underlying class action had not been served and thus did not fall into the coverage provisions of the Policy. (Compl. ¶¶ 11-17.) Moreover, Plaintiff's Complaint (Compl. ¶¶ 15-16) attaches communications between the parties in which Defendant explicitly stated that it believed coverage was barred by Endorsement No. 9 and the exclusions contained therein; Defendant's Answer also references this Endorsement (Ans. at 16 ¶ 31). The Court concludes that Defendant's Answer, read as a whole, provides Plaintiff with fair notice of these defenses. *Cf.*

*SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 05-00917 CW, 2005 WL 2463749, at *6 (N.D. Cal. Oct. 4, 2005).

As to Defendant's sixth and eighth affirmative defenses, Plaintiff also argues that these defenses are negative defenses that negate an element of Plaintiff's claims and not affirmative defenses. (Reply at 15-17.) The Court agrees with Plaintiff that these defenses are more properly characterized as negative defenses, which deny elements of a plaintiff's claim, than affirmative defenses, which "defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law." *Quintana*, 233 F.R.D. at 564. However, in light of the fact that these defenses are sufficient under Rule 8(b), the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading. *Cf. Painters Joint Committee v. J.L. Wallco, Inc.*, No. 2:10-CV-1385JCM (PAL), 2011 WL 2418615, at *1 (D. Nev. June 14, 2011) (declining to strike negative defenses where plaintiff "identified no harm in allowing the defense to remain in the answer until the parties have completed discovery"); 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1269 (2d ed. 1990) ("[A] defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader. If the plaintiff has been given 'plain notice' of the matters to be litigated. . . he should be put to his proof on those issues, irrespective of any error by the defendant regarding terminology."). Furthermore, Plaintiff has failed to show that the inclusion of these defenses would result in any prejudice. *See Wal-Mart Stores*, 2006 WL 2711468, at *10. Therefore, Plaintiff's Motion is denied as to this defense.

### D. Ninth Affirmative Defense

Defendant's ninth affirmative defense asserts that PDS "is barred, in whole or in part, from recovery because of its own failure, and the failure of its agents, attorneys, and

10

representatives to mitigate its claim or loss, if any." (Ans. at 6 ¶ 9.) "[C]ourts have typically held that a generalized statement . . . meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." *Bd. Of Trs. Of San Diego Elec. Pension Trust v. Bigley, Elec., Inc.*, No. 07-CV-634-IEG (LSP), 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007) (collecting cases); *Desert European Motorcars Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011). Plaintiff's Motion is therefore DENIED as to Defendant's ninth affirmative defense.

### E. Tenth and Fourteenth Affirmative Defenses

Plaintiff's Motion as to Defendant's tenth and fourteenth affirmative defenses is also DENIED. Defendant's tenth affirmative defense asserts the following:

> Pacific Dental LLC is barred, in whole or in part, from recovery *to the extent* that the application and/or materials submitted to and/or reviewed by Homeland in connection with the underwriting or issuance of the Policy or any predecessor thereto, or negotiations for the Policy or any predecessor thereto, included materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions. . . .

(Ans. at 6 (emphasis added).) Its fourteenth affirmative defense asserts that "Pacific Dental LLC is barred, in whole or in part, from recovery *to the extent* the limits of liability have been exhausted or impaired by payment of other unrelated claims under the Policy." (*Id.* at 7 ¶ 14 (emphasis added).) These pleadings provide Plaintiff with fair notice of Defendant's affirmative defenses; Plaintiff is put on notice that *if* (1) it submitted materially false, inaccurate, or incomplete statements to Defendant; or (2) the limits of liability have been exhausted under the Policy, *then* Defendant will assert that Plaintiff is

barred from recovery. The facts that would support these defenses are clearly within Plaintiff's control and thus, Plaintiff has fair notice of these defenses.

### F. Eleventh and Fifteenth through Nineteenth Affirmative Defenses

Defendant's eleventh affirmative defense asserts that "Pacific Dental LLC is barred, in whole or in part, from recovery because it has not sustained any damages proximately caused by any alleged omission or breach of any duty by [Defendant]." (Ans. at 6.)

Defendant's fifteenth through nineteenth affirmative defenses assert the following: Pacific Dental LLC is barred, in whole or in part, from recovery because it (15) "lacks standing, capacity, authority, or legal existence necessary to sue Homeland under the Policy"; (16) "lacks contractual privity in connection with the Policy"; (17) "is not an insured under the policy"; (18) "is not a party to the contract of insurance in connection with the Policy"; and (19) "is not sued or named as a defendant in the Underlying Action."

As with Defendant's sixth and eighth affirmative defenses, Plaintiff moves to strike these affirmative defenses because they are "negative defenses" and not affirmative ones. (Mot. at 10-13.) As discussed above, however, in light of the fact that these defenses are sufficient under Rule 8(b),[2] the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading. Furthermore, Plaintiff has failed to show that the inclusion of these defenses would result in any prejudice. *See Wal-Mart Stores*, 2006 WL 2711468, at *10.

---

[2] Defendant's eleventh affirmative defense provides Plaintiff with fair notice that Defendant will challenge whether any damages were caused by Defendant's omissions or acts; Defenses fifteen through nineteen provide Plaintiff with fair notice that Defendant intends to challenge whether PDS can enforce the Policy (e.g., whether PDS is a party to the contract, in privity with a party, an intended third party-beneficiary, or a named party in the underlying action).

### G. Twelfth and Thirteenth Affirmative Defenses

Defendant's twelfth affirmative defense is that "Pacific Dental LLC is barred, in whole or in part, from recovery because of Insurance Code Section 553." (Ans. at 7 ¶ 12.) Section 553 provides that "an insurer is not liable for a loss caused by the willful act of the insured." Plaintiff has fair notice that Defendant will argue coverage is barred because Plaintiff's acts in the underlying action were willful.

Defendant's thirteenth affirmative defense asserts that "Pacific Dental LLC is barred, in whole or in party, from recovery because coverage is barred, limited, and/or offset under the Policy's 'Other Insurance' provisions." (Ans. at 7 ¶ 13.) Defendant further quotes the Other Insurance provision from the Policy at page 13 of its Answer. Plaintiff, however, argues that, to provide Plaintiff with fair notice, Defendant was required to plead the identity of other insurers and why such insurance partially or fully bars PDS from recovery. (Mot. at 11.) Defendant's thirteen affirmative defense provides Plaintiff with fair notice that Defendant will seek to bar coverage under the Other Insurance provision of the Policy. Plaintiff is not left "to guess" as to this defense; if it has other insurance that would cover the underlying action, Plaintiff knows that Defendant will raise the Other Insurance provision as a defense to coverage.

### H. Twentieth Affirmative Defense

Finally, Defendant's twentieth affirmative defense asserts the following:

> Pacific Dental LLC is barred, in whole or in part, from recovery because loss, injury, or damage alleged in the Complaint was directly or proximately caused and/or contributed to by the actions of persons other than Homeland, and therefore a recovery against Homeland, if any, should be reduced or offset in

13

       proportion to the percentage of responsibility attributable to such persons other than Homeland.

(Ans. at 8.) In its Opposition, Defendant states that this defense is "based on the allegations in the Underlying Class Action" and that to the extent any of the non-insured third parties referenced in the Underlying Class Action "contributed to the allegations in the Underlying Class Action, PDS' potential recovery under the Policy should be reduced by a proportional amount." (Opp'n at 21.)

       Plaintiff moves to strike this affirmative defense, arguing that it is insufficient to provide Plaintiff with fair notice. (Mot. at 13.) The Court finds Plaintiff's argument unavailing; the affirmative defense as pleaded provides Plaintiff with fair notice of Defendant's defense. *Cf. SecuriMetrics, Inc.*, 2005 WL 2463749, at *6 (declining to strike superseding/intervening cause and comparative fault/contributory negligence defenses where the defenses were not "clearly insufficient as a matter of law under the facts alleged"). And even if it didn't, Plaintiff failed to show prejudice, because Defendant's Opposition provides Plaintiff with the basis for Defendant's defense.

       Plaintiff further argues that, based on the additional facts in Defendant's Opposition, the defense is immaterial to the action; Plaintiff is not seeking recovery "of the damages allegedly incurred by the plaintiffs in the Underlying Class Action, but rather the damages it has incurred and will incur as a result of [Defendant's] bad faith breach of . . . [the] [P]olicy." (Reply at 22.) But Plaintiff seeks indemnification with respect to the claims in the *Hall* Action, and whether or not third parties caused or contributed to the damages claimed in the underlying complaint may have bearing on this case. *See Quintana*, 233 F.R.D. at 564 (On a motion to strike, the court "resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff.") Plaintiff's Motion is therefore DENIED as to Defendant's twentieth affirmative defense.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Strike.

DATED: July 17, 2013

_____
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE